REBECCA BEACH SMITH, CHIEF JUDGE
Before the court is a Petition for a Writ of Habeas Corpus ("Petition") filed pursuant *469 to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges the constitutionality of his Virginia state sentence for convictions of capital murder, malicious wounding, two counts of robbery, and two counts of abduction. On July 18, 1997, the Circuit Court for the City of Norfolk sentenced Petitioner to life in prison without parole for capital murder, plus 50 years in prison for his five additional convictions.
Petitioner argues that the United States Supreme Court's decision in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), announced a new rule that is retroactively applicable to his case, now before the Court on collateral review. Specifically, Petitioner argues that under Miller, his sentence of life imprisonment without parole for a homicide committed while he was under the age of eighteen violates the Eighth Amendment's prohibition on cruel and unusual punishment.
I.
The Petition was filed on July 19, 2013. ECF No. 1. Respondent filed a Motion to Dismiss on October 29, 2013. ECF No. 5. The Petition and Motion to Dismiss were referred to United States Magistrate Judge Lawrence R. Leonard for a Report and Recommendation ("R & R"), pursuant to the provisions of 28 U.S.C. § 636 (b) (1) (B) and (C), Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and the court's Standing Order on Assignment of Certain Matters to United States Magistrate Judges (April 1, 2002). The Magistrate Judge filed the R & R on May 13, 2014, recommending that Respondent's Motion to Dismiss be granted because the rule announced in Miller was not retroactively applicable to cases on collateral review. ECF No. 9. On June 20, 2014, this court issued a Final Order adopting the R & R, granting Respondent's Motion to Dismiss, ordering that judgment be entered in favor of Respondent, and issuing to Petitioner a certificate of appealability on the issue of whether the rule announced in Miller is retroactively applicable to cases on collateral review. ECF No. 11.
On July 7, 2014, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. ECF No. 13. On June 15, 2016, the Fourth Circuit vacated the judgment of this court and remanded the case for further proceedings consistent with the United States Supreme Court's opinion in Montgomery v. Louisiana, --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), which held that the rule announced in Miller is retroactively applicable to cases on collateral review. ECF No. 19.
II.
In accordance with the remand of the Fourth Circuit, this court again referred the Petition and Respondent's Motion to Dismiss to United States Magistrate Judge Lawrence R. Leonard for an R & R. ECF No. 22. The Magistrate Judge filed the R & R on July 14, 2017, recommending the denial of Respondent's Motion to Dismiss, and the granting of the Petition. ECF No. 41. Neither party filed Objections to the R & R by the deadline, July 28, 2017. Despite the fact there were no Objections, the court reviewed the issues presented in the R & R de novo because of the importance of the decision. See Final Order at 3, ECF No. 42. The court entered a Final Order on August 10, 2017, adopting the Magistrate Judge's Recommendation. Id. at 3-4.
Upon receiving notice of the Final Order, Respondent filed a Motion pursuant to Federal Rule of Civil Procedure 60(b) ("Motion"), seeking relief from the court's Final Order on the basis of excusable neglect for his failure to timely file his Objections *470 to the R & R. ECF No. 45. The court granted Respondent's Motion and directed Respondent's Objections to be filed. ECF No. 52. The court also stayed the proceedings pending the Fourth Circuit's decision in Malvo v. Mathena, 254 F.Supp.3d 820 (E.D. Va. 2017), aff'd, 893 F.3d 265 (4th Cir. 2018). Id. On August 8, 2018, following the Fourth Circuit's decision in Malvo, the court lifted the stay. ECF No. 57. Petitioner filed his response to Respondent's Objections on August 22, 2018. ECF No. 58.
III.
Pursuant to Rule 72 (b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R & R to which the Defendants have specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).
Respondent first objects to the Magistrate Judge's conclusion that Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana, --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), apply to Petitioner's case because Petitioner was sentenced under a discretionary sentencing regime. Resp't Objs. at 1. Second, Respondent objects to the Magistrate Judge's determination that this court is not bound by Jones v. Commonwealth, 293 Va. 29, 795 S.E.2d 705 (2017), in which the Supreme Court of Virginia held that Miller and Montgomery do not apply to Virginia's discretionary sentencing regime. Resp't Objs. at 5. However, the Fourth Circuit made clear in Malvo that Miller and Montgomery apply to discretionary, as well as mandatory, sentencing schemes, when juveniles are sentenced to life without parole. Malvo, 893 F.3d at 274.
Third, Respondent objects to the Magistrate Judge's conclusion that Petitioner's plea agreement, which stipulated a sentence of life in prison, did not waive his right to challenge his sentence. Resp't Objs. at 6. Petitioner did not, however, waive his right to obtain habeas relief under Miller by entering into a plea agreement in which he stipulated to a life sentence and waived his right to appeal his conviction. See Malvo, 893 F.3d at 276. Moreover, as Petitioner's sentencing court noted when accepting his guilty plea, Petitioner did not waive his right to appeal whether his sentence is greater than legally permissible. Guilty Plea Hr'g Tr. at 8, ECF No. 7-2.
Lastly, Respondent objects to the Magistrate Judge's recommendation to resentence Petitioner on all of his convictions rather than only his life sentence. Resp't Objs. at 8. Respondent argues that, under Woodard v. Commonwealth, 287 Va. 276, 754 S.E.2d 309 (2014), and Prieto v. Commonwealth, 278 Va. 366, 682 S.E.2d 910 (2009), Virginia sentences must each be treated independently, and may not be viewed together as a package. Resp't Objs. at 8. These cases are inapplicable. Neither of the cases cited by Petitioner involve a habeas petition, and neither involve the imposition of a life sentence plus a term-of-years sentence to a juvenile offender.
IV.
The court, having examined the Objections to the R & R filed by Respondent, and having made de novo findings with respect thereto, hereby OVERRULES Respondent's Objections and ADOPTS AND APPROVES IN FULL the findings and recommendations set forth in the R & R of the United States Magistrate Judge, filed on July 14, 2017.
*471 Accordingly, Respondent's Motion to Dismiss, ECF No. 5, is DENIED; the Petition, ECF No. 1, is GRANTED; and Petitioner's sentence in the Circuit Court for the City of Norfolk is VACATED in its entirety and his case is REMANDED to the Circuit Court for the City of Norfolk for disposition on his convictions in accordance with Miller and Montgomery. The Clerk shall enter judgment in favor of Petitioner pursuant to this Memorandum Final Order. For the reasons stated herein, and in the Report and Recommendation, the court declines to issue a certificate of appealability.
The Clerk is DIRECTED to send a copy of this Memorandum Final Order to counsel of record for Petitioner and Respondent.
IT IS SO ORDERED.